UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE M. MARTINEZ,<br><br>Defendant. | Case No. 3:15-cv-04827-LB<br><br>**ORDER (1) GRANTING DEFENDANT'S *IN FORMA PAUPERIS* APPLICATION AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF Nos. 1, 3] |

## INTRODUCTION

The plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint for unlawful detainer against the defendant Michelle Martinez in Contra Costa County Superior Court on August 18, 2015. (Complaint, ECF No.1 at 6-11.[1]) Ms. Martinez removed the action from state court, alleging federal-question jurisdiction. (Notice of Removal, ECF No. 1 at 2-3.) Neither party has consented to the undersigned's jurisdiction. Because Fannie Mae's unlawful detainer complaint presents only a state law claim on its face, the court finds no basis for federal jurisdiction. Accordingly, the court orders that this case be reassigned to a district judge and recommends that the newly-assigned district judge remand this action back to Contra Costa County Superior Court.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically generated page numbers at the top of the document.
ORDER (No. 3: 15-cv-04827-LB)

**STATEMENT**

Fannie Mae alleges that it owns the property at 1308 Miner Avenue, San Pablo, California. (Complaint, ECF No. at 1 at 6.) Ms. Martinez is the former trustor or holdover occupant of the former trustor of the property. (*Id*. at 7.)

Fannie Mae alleges that Ms. Martinez defaulted under the terms of the Deed of Trust which secured the property that is the subject of this litigation. (*Id*.) A Notice of Default and Breach of Conditions of the Deed of Trust and Election to Sell the Property was recorded in the Official Records in the Office of the County Recorder in Contra Costa County, California. (*Id*.) A Trustee's sale of the property then took place, and the property was sold to JPMorgan Chase Bank. (*Id*. at 7-8.) JPMorgan Chase Bank quitclaim deeded the property to Fannie Mae. (*Id*. at 8.)

Fannie Mae served Ms. Martinez with a Notice for Possession on August 4, 2015. (*Id*.) Fannie Mae then filed the instant unlawful detainer action in Contra Costa County Superior Court on August 18, 2015. (*Id*.) On September 22, 2015, Ms. Martinez answered the complaint. (Answer, ECF No. 1 at 10-11.) She then removed the action to federal court on October 20, 2015, alleging federal-question jurisdiction. (Notice of Removal, ECF No. 1.)

**ANALYSIS**

**1. Ms. Martinez's application to proceed** *in forma pauperis*

Ms. Martinez filed an application to proceed *in forma pauperis* on October 20, 2015. (IFP Application, ECF No. 3.) The court grants her application.

**2. Federal-Question Jurisdiction Does Not Exist**

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction. 28 U.S.C. 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly

ORDER (No. 3:15-cv-04827-LB)

2

construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Nonetheless, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Here, Fannie Mae alleges a claim against Ms. Martinez for unlawful detainer. (*See* Complaint, ECF No. 1 at 6-11.) Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Ms. Martinez nonetheless asserts that the court has federal-question jurisdiction because "a pleading depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal, ECF No. 1 at 2.) Ms. Martinez does not, however, allege any basis for federal jurisdiction beyond Fannie Mae's state claim, and a federal defense does not confer jurisdiction. Accordingly, federal-question jurisdiction does not exist.

**3. Diversity Jurisdiction Does Not Exist**

The court also considers whether Ms. Martinez may invoke diversity jurisdiction. Federal courts have diversity jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Furthermore, removal is

impermissible if any defendant is a citizen of the state in which the action is brought (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b)(2).

Ms. Martinez is a citizen of California, the state in which this action has been brought. Thus, she cannot remove the action from California state court. Accordingly, diversity jurisdiction does not exist.

## CONCLUSION

Based on the foregoing, the court grants Ms. Martinez's application to proceed *in forma pauperis*. Remand to Contra Costa County Superior Court is appropriate. Because neither party has either consented to or declined the undersigned's jurisdiction, the court orders the Clerk of the Court to reassign this action to a district court judge and recommends that the newly-assigned district court judge remand this action back to Contra Costa County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: October 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge